## In re Appeal of CLIFFSIDE LEASING COMPANY, INC.

[701 A.2d 325]

No. 96-391

---

July 25, 1997. Cliffside Leasing Company, Inc. appeals from a ruling of the Environmental Court that Cliffside's ap-

plication for a building permit was subject to major-impact review under the City of Burlington's zoning ordinances. Because the appeal is not from a final judgment, and Cliffside failed to seek interlocutory review, the appeal must be dismissed.

In May of 1995, Cliffside applied to the City's Planning Department for a zoning/building permit to construct a truck terminal on Flynn Avenue. The Department informed Cliffside that the site contained "designated wetlands or natural areas of state or local significance" within the meaning of the City's zoning ordinance, and therefore required major-impact review. Cliffside appealed this determination to the City's zoning board of adjustment, which concluded that the site satisfied the criteria for major-impact review. Cliffside then appealed the Board's decision to the environmental court, which affirmed and remanded the matter for that review to take place. This appeal followed.

V.R.C.P. 76(d)(5)(B), which governs appeals from environmental court, provides that "[a] *final* judgment under this rule shall be appealable as of right to the Supreme Court." (Emphasis added.) As we have recently explained, "The import of our law is that 'a *final judgment* is a prerequisite to appellate jurisdiction unless the narrow circumstances authorizing an interlocutory appeal are present.'" *In re J.G.*, 160 Vt. 250, 253, 627 A.2d 362, 364 (1993) (quoting *Hospitality Inns v. South Burlington R.I.*, 149 Vt. 653, 656, 547 A.2d 1355, 1358 (1988)). The environmental court's ruling in this matter was plainly not a final disposition of the subject matter. *Morissette v. Morissette*, 143 Vt. 52, 58, 463 A.2d 1384, 1388 (1983); *Woodard v. Porter Hosp., Inc.*, 125 Vt. 264, 265, 214 A.2d 67, 69 (1965). Cliffside's permit application remains pending subject to major-impact review on remand from the environmental court. The court's decision was in the nature of an interloc-

utory ruling, of which Cliffside was free to seek review under V.R.A.P. 5. It failed to do so. Accordingly, this Court is without jurisdiction to adjudicate the matter. *In re J.G.*, 160 Vt. at 253, 627 A.2d at 364.

*Appeal dismissed.*

Motion for reargument denied August 26, 1997.