STATE OF VERMONT

SUPERIOR COURT                                ENVIRONMENTAL DIVISION


                                              }
In re Omya Solid Waste Facility Final Certification  } Docket No. 96-6-10 Vtec
      (Appeal of Shaw & Brod)                 }
                                              }


Decision and Order on Pending Motions

The above-captioned appeal was brought from a decision of the Vermont Agency of Natural Resources (ANR) to grant final certification to Omya, Inc.'s lined tailings management solid waste disposal facility at its Verpol Site in the village of Florence, in the town of Pittsford, Vermont.  Intervenor-Appellants Susan Shaw and Ernest Brod are represented by Sheryl Dickey, Esq., of the Environmental Law Clinic of the Vermont Law School.[1]  Appellee-Applicant Omya, Inc. (Applicant or Omya) is represented by Edward V. Schwiebert, Esq., and Hans Huessy, Esq.  The ANR is represented by Catherine Gjessing, Esq. and Matthew Chapman, Esq.  Amicus curiae Vermont Natural Resources Council (VNRC) is represented by Jamey Fidel, Esq.

The only issue raised in the Statement of Questions was stated as follows:

Whether the issuance of the final certification is precluded because it results in groundwater contamination that violates Vermont's Groundwater Protection Law [citation omitted] including (1) 10 V.S.A. § 1390, relating to the state's obligation to manage and protect groundwater as a public trust resource and (2) 10 V.S.A. § 1394,

---

[1] The original Appellant—Residents Concerned about Omya (RCO)—was dismissed; and Intervenors Susan Shaw and Ernest Brod were granted leave to continue with the appeal in place of RCO, but not to file any new issues in the Statement of Questions nor to file any additional memoranda on the motion for summary judgment.

relating to the standards applied to and the authorized uses of groundwater.

On February 28, 2011, the Court issued a decision on the parties' cross-motions for summary judgment. In re Omya Solid Waste Facility Final Certification, No. 96-6-10 Vtec (Vt. Super. Ct. Envtl. Div. Feb. 28, 2011) (Wright, J.) (Summary Judgment Decision). The decision did not address the disputed facts regarding the "monitoring, chemistry, and risk assessment" for certain substances in groundwater under or near the Verpol site, noting that these facts were not required to resolve the motion then before the Court. Id. at 2.

The decision analyzed the statutory law governing groundwater in Vermont in detail, focusing on the 2008 amendments to 10 V.S.A. ch. 48, which had declared groundwater to be a public trust resource. Id. at 5-6. In particular, the decision analyzed the several subsections of 10 V.S.A. § 1390 as they relate both to the quality and quantity of groundwater. Id. at 7-8.

In arguing that the final certification decision adequately protected groundwater, the ANR had relied on the fact that it had applied the 2005 Groundwater Protection Rule and Strategy in considering Omya's application. However, because this police power regulation had "not been amended since the legislature's [2008] declaration of groundwater as a public trust resource," the Court ruled that the "ANR's determination that the proposed facility meets the requirements of the 2005 Groundwater Protection Strategy and Regulation is not sufficient to carry out the state's duty" to manage its groundwater resources in trust for the public "under 10 V.S.A. § 1390(5)." Id. at 10.

The Court therefore vacated and remanded Findings O, P, and Q of the final certification "for the ANR to carry out its public trust responsibility." Id. at 10. The Summary Judgment Decision specifically stated that it did not "predict or require

2

that any substantive aspect of Omya's final certification be changed," and that it made "no factual findings at all about the effect of the proposed facility on groundwater." Id. The Court clearly stated that the effect of the decision was "simply [to] require[] that the ANR perform the additional level of public trust analysis required by 10 V.S.A. § 1390(5)." Id.

The Court therefore vacated only Findings O, P, and Q of the final certification, the only findings that had addressed the groundwater issue and remanded the final certification to the ANR for it to "perform a public trust analysis and to make such changes, if any, to Findings O through Q and to any other aspects of the final certification as may be warranted by that analysis." Id. at 11. The Summary Judgment Decision also stated that it concluded this appeal. Id.

Intervenor-Appellants' Motion for Clarification

Intervenor-Appellants have moved for "clarification," asking the Court to determine three issues. The motion first asks whether the Summary Judgment Decision "constituted a summary judgment in their favor and a final judgment." Intervenor-Appellants' Mot. for Clarification at 2. This issue is addressed below with the motions for interlocutory appeal. The motion next asks whether the Summary Judgment Decision "invalidate[s] the final certification as a matter of law." Id. at 7. Finally, the motion asks the Court to "clarify" that the Summary Judgment Decision "requires the [ANR} to engage in a process to develop a policy for what the public trust analysis will include in light of the [Summary Judgment] Decision." Id.

In its response to Intervenor-Appellants' motion and in its own motion for interlocutory appeal, the ANR has also essentially requested clarification that the statutory public trust analysis of groundwater resources required by the summary Judgment Decision is different from the common law public trust analysis

3

applicable to lands lying under navigable surface water.

The Summary Judgment Decision requires clarification of the necessary distinction between a statutory public trust analysis applicable to groundwater, which has yet to be developed by the ANR, and the common law public trust analysis applicable to public waters and the lands lying under them. The common law public trust doctrine has been articulated in Vermont case law and in the administrative case of In re Dean Leary, No. MLP-96-04-WB, Findings of Fact, Conclusions of Law, & Order, at 17-20 (Vt. Water Res. Bd. Aug. 1, 1997). The Court cited Dean Leary simply to show that an administrative body formerly charged with performing the common law public trust analysis in Vermont had come up with a suitable methodology to do so. The Court did not require the strict common law public trust doctrine to be applied by rote to groundwater; rather, the ANR must develop its own methodology for analyzing the new statutory public trust in groundwater, bearing in mind the principles developed in both the case law and the administrative decisions interpreting the related common law public trust doctrine.

The Summary Judgment Decision specifically and emphatically did not require ANR to engage in any particular process to perform the statutory public trust analysis, but left it to the ANR to decide how it wishes to proceed, including whether it wants to engage in rulemaking on this issue for use in this or future cases, whether it wants to perform a statutory public trust analysis for Omya's final certification, whether it wants to proceed with both of those approaches simultaneously, or whether it wishes to take any other approach.

The Summary Judgment Decision recognized Omya's and the ANR's arguments that the groundwater program would be difficult to administer "if a full-blown public trust analysis were to be required for every small underground discharge that might or might not affect groundwater." Summary Judgment Decision at 10, n. 1. However, the Court specifically left it to the ANR to determine

4

how to resolve those administrative difficulties, stating that the only issue before the Court in the present appeal was the Omya final certification. The Court noted that it would be up to the ANR to decide "whether to adopt or amend regulations to incorporate presumptions of compliance for certain classes of underground waste disposal, or [to] establish[] categorical or general permits" or to develop "any other means" to carry out its administrative responsibilities. Id. The decision reiterated that the Court's

> role is not to set policy for the ANR, just as its role in municipal appeals is not to set policy for the municipalities. [Citation omitted.] Therefore, it is for the ANR in the first instance, and not this Court, to determine how to incorporate the public trust groundwater analysis of § 1390(5) into its solid waste certification process, and how to address or revise Findings O through Q in light of that analysis.

Id. at 10.

The Summary Judgment Decision did not "invalidate" any portion of the final certification other than Findings O, P, and Q. The only issue in the statement of questions was whether the final certification should be denied because "it results in groundwater contamination," contrary to Vermont's groundwater statutes. The Court determined that the ANR had more work to do on Findings O, P, and Q, but did not "invalidate" any of the remainder of the final certification.

Accordingly, the Summary Judgment Decision is clarified as discussed above, and Intervenor-Appellants' Motion for Clarification is otherwise DENIED.


Motions for Permission to File Interlocutory Appeal (V.R.A.P. 5)

ANR has moved for permission to file an interlocutory appeal of the Summary Judgment Decision. Omya has similarly moved for permission to file an interlocutory cross-appeal of the decision, or, in the alternative, has filed a notice of appeal pursuant to V.R.A.P. 3 if the decision is ruled to be a final one from which

5

interlocutory appeals cannot be taken. Because no party moved under V.R.A.P. 5.1 to take an appeal of the decision as a collateral final order, the Court will not address the criteria provided in that rule.

The Court's ruling was one for partial summary judgment, as a matter of law. It was in favor of Intervenor-Appellants, in that it decided that the ANR's groundwater analysis in the final certification required additional work, but, as may be seen from the motions for clarification and for interlocutory appeal, it was not entirely in favor of any one party. It resulted in a remand of only a portion of the final certification decision.

Just as in <u>Cliffside Leasing</u>, 167 Vt. 569 (1997), the decision concluded the present appeal by ruling as a matter of law that the ANR needed to do more work on the application. Although it is a decision that concludes the present appeal, it does not resolve the controversy between the parties—that must await the ANR's decision after remand. The ANR's decision after remand will itself be appealable, and may raise fewer or different issues than those raised in the present appeal.

For example, in <u>Cliffside Leasing</u> the Environmental Court had decided only the narrow legal question of whether the project required major-impact development review; it then remanded the matter to the municipal panel for the panel to perform such review. 167 Vt. at 570. Although the Environmental Court's decision completely concluded the then-pending appeal, the Supreme Court ruled that it was not a final disposition of the subject matter but was interlocutory in nature. It is therefore especially important not to conflate the question of whether this Court's decision finally concludes the present appeal with the question of whether it is a final disposition of the subject matter ready for an appeal to the Supreme Court.

In the present case, the Court has determined that the ANR must specifically consider the public trust in groundwater declared by the legislature in 2008, because

that statute was enacted subsequent to the regulations relating to groundwater which the ANR had applied in making Findings O, P, and Q of its final certification. It is entirely up to the ANR how it wishes to proceed with the statutory public trust analysis it is required to do for the present case. There are undoubtedly many different ways in which the ANR could approach this task, including but not limited to doing a public trust analysis specifically for this case, even though it may also wish to adopt some rebuttable presumptions or general permits by rule or to update its 2005 Groundwater Protection Rule and Strategy for use in future cases. As explicitly as possible, the Summary Judgment Decision made clear that it is for the ANR on remand to determine in the first instance how to meet its responsibilities for the public trust groundwater analysis required by 10 V.S.A. § 1390(5) in the context of Omya's solid waste certification, and how to address or revise Findings O through Q, if at all, in light of that analysis. Summary Judgment Decision at 10.

Because the ANR has several options before it for resolving this matter on remand, an interlocutory appeal pursuant to V.R.A.P. 5 is not appropriate. The ruling involves a controlling question of law in that it decided that simply applying the 2005 regulation is not adequate to carry out the new responsibilities imposed on ANR by the 2008 statute. Nevertheless, although there may be a substantial ground for difference of opinion as to how the ANR should carry out its groundwater management responsibilities in light of the statutory public trust declaration, there should not be any ground for difference of opinion that compliance with a 2005 regulation does not in and of itself demonstrate compliance with a 2008 statute.

Even if there were a substantial ground for difference of opinion on that legal point, however, an immediate appeal will not materially advance the termination of the litigation as a whole. Rather, it is possible that the ANR's action on remand will resolve the contested legal point on appeal, resolve the entire appeal, or generate a different appeal. Accordingly, both motions for permission to take an interlocutory

7

appeal are DENIED.

Done at Berlin, Vermont, this 16th day of May, 2011.

_____

Merideth Wright
Environmental Judge