## State of Vermont
## Superior Court—Environmental Division

========================================================================

# ENTRY REGARDING MOTION

========================================================================

**In re Main St. Place, LLC Demolition Application**                    **Docket No. 120-7-10 Vtec**
**(Appeal of ZBA denial of demolition permit)**

Title: Motion for Summary Judgment (Filing No. 2)

Filed: December 23, 2011

Filed By: Applicant/Appellant Main Street Place, LLC

Response filed on 1/30/12 by Interested Person Village of Derby Line

Reply filed on 2/13/12 by Main Street Place, LLC

Supplemental memorandum filed on 5/8/12 by Main Street Place, LLC

Supplemental memorandum filed on 5/14/12 by Village of Derby Line


___ Granted                    _X_ Denied                    ___ Other

Currently before the Court are five separate, but related, appeals concerning municipal land use permits for development activities on the same two lots: 50 and 58 Main Street in the Village of Derby Line, Vermont. The above Docket is an appeal by Main Street Place, LLC ("Applicant") of a decision by the Town of Derby Zoning Board of Adjustment ("the ZBA") denying Applicant a demolition permit to raze existing buildings on the two lots and level the site.

The ZBA's decision currently on appeal follows this Court's previous remand in a prior appeal from an earlier decision by the ZBA granting a demolition permit to Applicant. Both the current and prior appeals concern a permit application referencing the same or similar development proposal. In the prior appeal, Docket No. 163-8-09 Vtec, this Court determined that remand of Applicant's application to the ZBA was appropriate because an adjoining property owner had not been notified of the ZBA's public hearing on Applicant's original proposal, as required by 24 V.S.A. § 4464(a)(1)(C), and thus, the ZBA had not had an opportunity to receive and consider that party's testimony. See In re Main St. Place, LLC Demolition Permit, No. 163-8-09 Vtec (Vt. Envtl. Ct. Feb. 12, 2010) (Durkin, J.) (ruling on request for remand). That adjoining property owner was the only appellant in that appeal and has not chosen to appear in the current appeal.

Following remand, the ZBA issued a new decision denying Applicant a demolition permit, and Applicant appealed that decision in this appeal, Docket No. 120-7-10 Vtec. Now pending is Applicant's summary judgment motion requesting that the Court determine that the appeal in Docket No. 163-8-09 Vtec was incorrectly filed by the only appellant in that case, the adjoining property owner, and that, therefore, the original decision granting the demolition permit should stand.

We will grant summary judgment to a moving party (here, Applicant) only if that party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2).[1] In determining whether this standard is met, we "accept as true the [factual] allegations made in opposition to the motion for summary judgment," as long as they are supported by reference to admissible evidence, and give the opposing parties (here, the Village) the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356; see V.R.C.P. 56(c).

Applicant argues that the original appeal by the adjoining property owner was not properly filed because it was not accompanied by a motion for party status. Applicant supports its argument by reference to our decision in In re Verizon Wireless Barton Permit, where we dismissed the appellants for failure to file such a motion. No. 133-6-08, slip op. at 7–10 (Vt. Envtl. Ct. May 20, 2009) (Durkin, J.), aff'd, 2010 VT 62, 188 Vt. 262. Applicant argues that, because a decision by this Court to remand an application to a municipal panel is not a final judgment (rather, the original application is returned to the ZBA for further review and possible return to this Court on appeal), we have jurisdiction in the current appeal to consider the validity of the adjoining property owner's appeal in Docket No. 163-8-09 Vtec.

The Vermont Supreme Court has decisively stated that a decision by this Court to remand a matter to the municipal panel is not a final judgment by this Court. See e.g., In re Appeal of Cliffside Leasing Co., 167 Vt. 569, 570 (1997). However, we do not understand this determination to give parties an absolute license to raise any issue about a remanded proceeding in a subsequent appeal from the new decision resulting after remand. All, or portions, of the original decision on appeal may be vacated upon remand, and, as is the case here with the adjoining property owner, parties to the remanded matter may choose not to appeal the new decision or to appear in another party's appeal of a new decision.

We need not determine the exact limits to Applicant's ability to raise issues concerning the remanded proceeding, however, because, in an Entry Order we issued in that previous appeal, we effectively addressed Applicant's current argument challenging the validity of the adjoining property owner's appeal. See Main St. Place LLC Demolition Permit, No. 163-8-09 Vtec (Vt. Envtl. Ct. Feb. 12, 2010) (Durkin, J.) (ruling on motion for summary judgment). In that Entry Order, we concluded that the adjoining property owner's appeal was timely filed under the exception to the 30-day time period found in 10 V.S.A. § 8504(b)(2). Id., slip op. at 2. We found that the adjoining property owner had not been notified of the public hearing on Applicant's original proposal and that this "absence of notice 'prevented [CNB] from obtaining party status or participating in the [ZBA] proceeding.'" Id. (emphasis added).

Applicant's current motion effectively asks the Court to reconsider this previous ruling based on our prior ruling in Verizon Wireless Barton Permit. Specifically, Applicant asserts that we should conclude that the adjoining property owner's appeal was not valid because the appellant failed to file a motion for party status along with its notice of appeal.

---

[1] We note that an updated version of V.R.C.P. 56 took effect on January 23, 2012, subsequent to the filing of the pending motion. We analyze the pending motion, and all other motions for summary judgment filed in the four related appeals concerning 50 and 58 Main Street in the Village of Derby Line, under the current version of the rule because the rule change does not affect our analysis and at least one of these motions for summary judgment was filed after the rule change.

We do not agree that the situation in Docket No. 163-8-09 Vtec is analogous to that in Verizon Wireless Barton Permit. In Verizon Wireless Barton Permit, the dismissed parties' notice of appeal did not request party status or state a basis for claiming that they had a right to appeal. See 2010 VT 62, ¶ 20. Nor did any other filing by the parties ask the Court to grant them party status. See id. In Docket No. 163-8-09 Vtec, the adjoining property owner explicitly asked for a right to appeal under 10 V.S.A. § 8504(b)(2) and indicated that its basis for doing so was its lack of notice for the public hearing leading to the decision it sought to appeal.

The situation in Docket No. 163-8-09 Vtec is similar to that in In re Granville Manufacturing Co. where the party filed its motion for party status shortly after filing its notice of appeal rather than at the same time. See No. 2-1-11 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. July 1, 2011) (Durkin, J.). In both Granville Manufacturing Co. and Docket No. 163-8-09 Vtec, the Court and other parties were put on clear notice, at the same time as or shortly after the filing of a notice of appeal, that the party appealing sought to do so under an exception to the normal requirements and on what basis the party claimed such a right.

Because we do not agree that our ruling in Verizon Wireless Barton Permit, or any of the arguments presented by Applicant in its current motion for summary judgment, requires us to revisit our previous ruling that the adjoining property owner's appeal in Docket No. 163-8-09 Vtec was valid, we **DENY** Applicant's motion for summary judgment.


_____          _____June 19, 2012_____
        Thomas S. Durkin, Judge                          Date
=============================================================================
Date copies sent to: _____                     Clerk's Initials _____
Copies sent to:
   Jon T. Anderson, Attorney for Main Street Place, LLC
   William E. Simendinger, Co-counsel for Main Street Place, LLC
   Robert Halpert, Attorney for Town of Derby
   Paul S. Gilles, Attorney for Village of Derby Line