2013 VT 4

## In re Stowe Highlands Merger/Subdivision Application

[70 A.3d 935]

No. 12-100

Present: Reiber, C.J.,[1] Dooley, Skoglund, Burgess and Robinson, JJ.

Opinion Filed January 11, 2013

---

[1] Chief Justice Reiber was present for oral argument, but did not participate in this decision.

*Leighton C. Detora*, Pro Se, Barre, Appellant.

*Amanda S.E. Lafferty* of *Stitzel, Page & Fletcher, P.C.*, Burlington, for Appellant Town of Stowe.

*Harold B. Stevens* of *Stevens Law Office*, Stowe, for Appellee.

¶ 1. **Burgess, J.** This appeal stems from the latest litigation involving developer Stowe Highlands and its Resort Planned Unit Development (PUD) in the Town of Stowe. The Stowe Development Review Board (DRB) denied Stowe Highlands' application to amend the PUD by subdividing and then merging certain lots, including one designated for a hotel. The DRB concluded that the amendment amounted to a change in the permit conditions and that such amendment was not warranted because Stowe Highlands had not demonstrated an unanticipated change in factual circumstances beyond its control. Stowe Highlands appealed this denial to the Environmental Division of the Superior Court, which reversed, concluding that the application required no permit condition change and that denial on that basis was therefore unfounded. One of the PUD lot owners, Leighton C. Detora, and the Town appeal that decision, arguing that the original DRB decision was correct. We affirm the Environmental Division.

¶ 2. The basic facts are undisputed. Applicant is the permittee of a 236-acre Resort PUD. Issues have arisen since the Resort PUD was initially granted, and this Court has entertained several appeals in the matter. See, e.g., *In re Stowe Highlands Resort PUD to PRD Application*, 2009 VT 76, 186 Vt. 568, 980 A.2d 233 (mem.); *In re 232511 Investments, Ltd.*, 2006 VT 27, 179 Vt. 409, 898 A.2d 109; *In re Stowe Club Highlands*, 166 Vt. 33, 687 A.2d 102 (1996); *In re Stowe Club Highlands*, 164 Vt. 272, 668 A.2d 1271 (1995). The current dispute concerns a 24-acre portion of the property designated as Parcel 1 and Lots 21, 22, and 23.

¶ 3. To understand the immediate question, some background is necessary. The original PUD envisioned a 100-unit hotel on a 34-acre portion of the Resort PUD identified as Parcel 1. In 1993, the PUD was amended and reduced Parcel 1 to 17 acres with a 21-unit hotel. The site plan submitted at that time and the subdivision plat for that portion of the Resort PUD depict an inn on Parcel 1. Parcel 1 has yet to be developed. Currently lots 21-23 are permitted for three single-family residential lots on 7 acres.

¶ 4. In 2010, Stowe Highlands applied to amend the PUD. Stowe Highlands proposed to subdivide Parcel 1 into Lot 1A and Lot 1B. Lot 1B would be merged with Lots 21, 22, and 23 and then subdivided into 11 new residential lots. Lot 1A, consisting of approximately 12 acres, would continue to be reserved as a future site for the Resort PUD's 21-unit hotel.[2]

¶ 5. The DRB denied the application to amend the subdivision plan. The DRB construed the previous permit as including a condition that Lot 1 would be developed with only a hotel or resort. The DRB found that, by seeking to reduce the land underlying the hotel component of the Resort PUD and to build other structures on the remainder, Stowe Highlands effectively proposed a permit change. The DRB applied the Stowe Club test to evaluate whether to grant such a change. Under this test, the Board examines whether a permit modification is justified by: changes in factual or regulatory circumstances beyond the permittee's control, changes in the project's construction or operation not reasonably foreseeable at the time the permit was issued, or changes in technology. *In re Stowe Club Highlands*, 166 Vt. at 38-39, 687 A.2d at 105-06; see *In re Hildebrand*, 2007 VT 5, ¶¶ 7, 13-15, 181 Vt. 568, 917 A.2d 478 (mem.) (explaining and applying Stowe Club test). The DRB concluded that Stowe Highlands failed to demonstrate unforeseeable changes in factual circumstances beyond its control that would justify a change in the permit, and denied the application. The Board did not reach the issue of whether the application met the subdivision, planning, and zoning regulations. It also did not address a request to impose a phasing condition that would require construction of the resort component before construction could begin on any additional residential units.

¶ 6. Stowe Highlands appealed to the Environmental Division. 24 V.S.A. § 4471. The court conducted an on-the-record review. The court concluded that the evidence supported neither the DRB's determination that a Resort PUD permit condition limited Parcel 1 to exclusive development as a hotel, nor its finding that the proposed amendment reduced that hotel element. The court

---

[2] In a prior appeal involving this permit, we concluded that "a resort is a minimum legal requirement of a Resort PUD," and therefore Stowe Highlands could not alter its plans to entirely eliminate the hotel component and construct solely single-family homes. *In re 232511 Investments*, 2006 VT 27, ¶¶ 13-15.

explained that while the proposal sought to reduce the acreage for the hotel lot so that additional residences could be built, this did not equate to reducing the footprint of the 21-unit hotel as planned. Further, the court concluded that the evidence did not demonstrate that Parcel 1 was required to be dedicated solely to a hotel because, while the project memo referred to a hotel, it did not explicitly restrict development to a hotel only. The court rejected the DRB's rationale that the condition was implicit due to no other development except for a hotel being depicted on the plans submitted for Parcel 1. The court explained that absent an express permit restriction, it did not follow that the application for one permitted use precluded the application for an additional permitted use. Thus, the court concluded that the Stowe Club test did not apply, and remanded the matter to the DRB to review whether the application met the applicable planning and zoning regulations.

¶ 7. Lot owner Detora and the Town reiterate on appeal[3] that a condition of the Resort PUD approval requires Parcel 1 to be developed solely as a hotel. In support, they point to the recorded plat and site plan, which depict a hotel — and no other structure — on Parcel 1. They also maintain, as below, that there is substantial evidence to support the DRB's findings that the Stowe Highlands 2010 amendment application proposed to reduce the hotel component of the Resort PUD.

¶ 8. The parties have proceeded with this appeal as if the Environmental Division's order was a final judgment. In fact, the court's decision was interlocutory in nature because the court remanded the case back to the DRB to conduct a merits review of the application and to consider whether to impose phasing or engage in conditional use review. See *In re Cliffside Leasing Co.*, 167 Vt. 569, 570, 701 A.2d 325, 325 (1997) (mem.) (concluding that environmental court's decision remanding case to zoning board for review was not a final judgment). Appeals from the Environmental Division are generally from a final judgment, and no party sought permission to take an interlocutory appeal in this case. Nonetheless, no party moved to dismiss the appeal for lack of a final

---

[3] When the Town filed its notice of appeal, it captioned it as a "cross appeal." This label is incorrect. Given that the Town's position is aligned with that of lot owner in seeking to reverse the decision of the Environmental Division, the Town is an appellant in this appeal just like lot owner.

judgment. Further, the issue has been fully briefed and oral argument presented. The appellate rules can be suspended as a matter of discretion in the interest of judicial economy, and we do so here and decide the issue presented. *In re Paynter 2-Lot Subdivision*, 2010 VT 28, ¶ 3 n.2, 187 Vt. 637, 996 A.2d 219 (mem.) (allowing suspension of appellate rules when, as here, dismissal of the appeal "most likely would result in an appeal after final judgment"); see V.R.A.P. 2.

¶ 9. Because the Environmental Division conducted an on-the-record appeal, we apply the same standard of review. *In re Stowe Highlands Resort PUD to PRD Application*, 2009 VT 76, ¶ 7. "We will affirm the findings of the DRB where such findings are supported by substantial evidence, but we are authorized to review the DRB's legal conclusions without deference where such conclusions are outside the DRB's area of expertise." *Id.* (citation omitted).

¶ 10. Here, the DRB found there was "a condition of a previous approval that the 17-acre Lot 1 will be developed with only a hotel/resort." The DRB also found that Stowe Highlands' proposal required a change of this condition since it diminished the planned hotel site and would build something other than the approved hotel on Parcel 1. The Environmental Division disagreed, noting that "nothing in the [1993] plan specifically limits the development of Parcel 1 to that hotel or restricts development elsewhere on Parcel 1." In addition, the Environmental Division explained that while a 2000 project memo submitted in support of Stowe Highlands' earlier approved permit refers to a 21-unit hotel on Parcel 1, "nowhere does it restrict development of that parcel to *only* a hotel."

¶ 11. The Town and lot owner contend that the evidence supports the DRB findings. Despite no explicit limitation on Parcel 1 development, they posit that the condition arose based on several filings submitted by Stowe Highlands or its predecessor that identified that a hotel would be built on Parcel 1. In addition to the application for conditional use approval of the 21-unit hotel which stated that an inn would be built on Parcel 1, the Town and lot owner point to a Parcel 1 site plan depicting the inn, and a recorded subdivision plat showing the hotel on Parcel 1. According to the Town and lot owner, once these plans were approved, and the plat and site plans recorded, their depiction of the hotel only became a permit condition.

¶ 12. Certainly, the requirement that a hotel or inn be built on Parcel 1 is a condition of the permit. This Court previously held that a resort must be part of a Resort PUD. *In re 232511 Investments, Ltd.*, 2006 VT 27, ¶ 12. That Parcel 1 must include a hotel or inn does not, however, mean it is unavailable for any other permitted use. No condition constrained development of Parcel 1 to nothing other than a hotel. As explained in the past, limitations " 'that are not stated on the permit may not be imposed on the permittee.' " *In re Stowe Club Highlands*, 164 Vt. at 276, 668 A.2d at 1274 (quoting *In re Kostenblatt*, 161 Vt. 292, 299, 640 A.2d 39, 44 (1994)). Further, although we have recognized that recorded plats become permit conditions, *id.* at 276, 668 A.2d at 1275, nothing on the recorded plat limited development on Parcel 1.[4] To be sure, the site plan and recorded plat both depict a hotel on Parcel 1, but the absence of any other structure or plan at that time did not in itself preclude such additional development. See *id.* at 277, 668 A.2d at 1275 (explaining that general designation of area on map would not be interpreted to restrict other uses where not accompanied by other permit conditions). The court was correct in its assessment that no evidence supported a reading of the permit to condition development of Parcel 1 to nothing beyond a hotel or inn.

¶ 13. Further, the court was correct that the evidence did not support the DRB's finding that the hotel called for in the previously approved permit would somehow be reduced via the later application to split its underlying parcel. The application proposed to decrease the lot size for the hotel, but reserved Parcel 1A for the same sized 21-unit hotel as previously permitted. Because the proposed amendment did not require a change in a permit condition, the Stowe Club test was not applicable, and the Environmental Division's reversal and remand to the DRB for further review of the application was proper.

*Affirmed.*

---

[4] Although the applicable Resort PUD standards provide a mechanism for reserving land as open space, the plat did not so designate the area around the hotel.