VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-000130



| 210 Fishkill Road |
|---|

# ENTRY ORDER

Title:          Motion to Dismiss (Motion: 1)

Filer:          Alexander J. LaRosa, Esq.

Filed Date:     November 28, 2023

Appellant's Opposition to Motion to Dismiss, filed on December 11, 2023, by Scott Rank.

Applicants' Reply in Support of Motion to Dismiss, filed on December 13, 2023, by Attorney Alexander J. LaRosa.

Title:          Motion to Stay (Motion: 2)

Filer:          Scott Rank

Filed Date:     December 12, 2023

Applicants' Memorandum in Opposition, filed on December 13, 2023, by Attorney Alexander J. LaRosa, Esq.

Appellant's Reply in Support of Motion to Stay, filed on December 27, 2023, by Scott Rank.

**The motions are DENIED**.

This is an appeal by Scott Rank (Appellant or Mr. Rank) of a Town of Morrisville Development Review Board (DRB) decision dated October 17, 2023 denying an appeal of Zoning Permit #2023-088, which authorized Cordelia and Edward Ryan (Applicants) to host events as an accessory on-farm business at their property at 210 Fishkill Road, Morrisville, Vermont (the Property).[1]  Presently before the Court is Applicants' motion to dismiss the appeal as untimely

---

[1] There is some confusion as to the Property's exact E911 number.  It has been most referred to as 210 Fishkill Road.  Thus, the Court references this number.

and Appellant's motion to stay the underlying permit during the pendency of the appeal. For the reasons set forth herein, both motions are **DENIED**.

### Discussion

**I.      Motion to Dismiss**

Applicants' motion does not cite a rule of procedure. The Court does, however, understand that Applicants seek dismissal on the grounds that Appellant's appeal was untimely. Because the timeliness of a party's appeal impacts this Court's jurisdiction, the Court interprets the motion as being made pursuant to Vermont Rules of Civil Procedure (V.R.C.P.) 12(b)(1). See In re Gulli, 174 Vt. 580, 583 (2002) (discussing timeliness and jurisdiction). When reviewing a motion to dismiss pursuant to V.R.C.P. 12(b)(1), we accept as true all uncontroverted factual allegations and construe them in the light most favorable to the nonmoving party, here, Mr. Rank. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245. When ruling upon such a motion, the Court can consider evidence outside the pleadings. Conley v. Cristafulli, 2010 VT 38, ¶ 3, 188 Vt. 11 (citing Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). For this Court to have jurisdiction over an appeal, the appealing party must file their notice of appeal within 30 days of the date of the final decision under appeal. V.R.E.C.P. 5(b)(1); In re Mahar Conditional Use Permit, 2018 VT 20, ¶ 13, 206 Vt. 559.

The procedural background giving rise to the pending appeal is particularly important to this Court's analysis of this motion. On July 5, 2023, Applicants applied to host events at the Property as an accessory on-farm business. The DRB held a noticed hearing on the application on July 26, 2023, which Mr. Rank attended. In advance of the hearing, Mr. Rank, among other interested persons, submitted comments on the application. The July 26, 2023 hearing was continued. On August 8, 2023, counsel then representing Mr. Rank and other interested persons submitted an additional letter to the DRB on the application. In a decision initially dated August 18, 2023, the DRB issued a decision on the application (August DRB Decision). [2] It stated that:

---

[2] The DRB's August decision was re-dated to August 21, 2023 when it was attached to the subsequently issued zoning permit. Compare Municipal Decision 2, attached to Appellant's Notice of Appeal with Applicants' Ex. 1. The Court does not know why this occurred and it makes little sense. As re-dated the zoning permit predates the revised date of the August DRB Decision by 3 days even though the August DRB Decision was the document that remanded the application back to the Zoning Administrator in the first instance. The Court uses the August 18 date for the August DRB Decision because it is the only logical timeline of events.

> Based on the Findings and Conclusions set forth above Member Burnham . . . moved to determine that the application meets the definition of an accessory on-farm business, but remand the requested proposal for the decision of the Zoning Administrator, provided the Applicants are required to meet the following conditions in the administrative permit[.]

See Applicants' Ex. 1 at 6.

On the same date, the Zoning Administrator issued Zoning Permit #2023-088 (the August Zoning Permit). Id. The August Zoning Permit attached the August DRB Decision to the permit. For an unknown reason, that decision was dated August 21, 2023. Id.

On August 31, 2023, Appellant and other interested persons submitted a handwritten letter to the Town stating that they were appealing "Zoning [P]ermit # 2023-088." Appellant Ex. 3. The Town rejected the notice of appeal. On September 1, 2023, Mette Anderson submitted an email from herself, her husband and "the Green Mountain Drive Adjoiners" to the Zoning Administrator. Applicants' Ex. 6. It stated that their appeal was pursuant to 24 V.S.A. § 4466. Id. The Zoning Administrator responded accepting the appeal and noting that the appeal would be referred to the DRB. Id. The DRB heard the appeal on October 11, 2023. Mr. Rank attended the hearing and presented comments. See Appellant Ex. 2. The DRB denied the appeal on October 17, 2023 (the October DRB Decision) such that the August Zoning Permit remained effective. Mr. Rank appealed that decision to this Court on November 14, 2023.

Applicants assert that Mr. Rank's appeal is untimely because he did not appeal the August DRB Decision within 30 days of its issuance and all of the issues raised on appeal effectively seek to challenge conclusions made in the August DRB Decision. The Court disagrees.

Effectively, the question before the Court is whether the August DRB Decision was appealable to this Court such that the failure to appeal must result in the dismissal of the action. This Court only has subject matter jurisdiction over an appeal pursuant to 24 V.S.A. §4471(a) if the decision or act appealed from is final. In re Saxon Partners LLC BJ's Warehouse Sketch Plan, No. 5-1-16 Vtec, slip op. at 3 (Vt. Super Ct. Envtl. Div. July 15, 2016) (Walsh, J.). Municipal decisions are final when they resolve the "ultimate issue" before the municipal panel. In re Scott Farm Act 250, No. 48-4-17 Vtec, slip op. at 1-2 (Vt. Super. Ct. Envtl. Div. Aug. 22, 2017) (Walsh, J.) (citing Jordan v. State Agency of Transp., 166 Vt. 509, 513 (1997)). Thus, a municipal panel's

3

commentary, guidance, or hypothetical discussion is not appealable to this Court. Saxon Partners, No. 5-1-16 Vtec at 2 (July 15, 2016) (citing In re Stowe Club Highlands Merger/Subdivision Application, No. 35-3-11 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. Feb. 15, 2012) (Walsh, J.), aff'd, 2013 VT 4, 193 Vt. 142).

Applicants argue that the August DRB Decision was a final and binding decision and that the DRB's remand to the Zoning Administrator was ministerial only such that the failure to appeal the August DRB Decision precludes the pending appeal. The Court disagrees. The August Decision refers to the application as the "requested proposal." Applicants' Ex. 1 at 6. There was no vote to approve the application, to grant conditional use or to grant site plan approval and there is no clear reference that any of the applied-for permits were so approved in the August DRB Decision. Id. The final action by the DRB was a motion to conclude that the application constituted an accessory on-farm business "but remand the requested proposal for the decision of the Zoning Administrator, provided that Applicants are required to meet [the included] conditions in the administrative permit[.]" Id. This scope of remand was not for a ministerial act but appears to be for some level of decision making by the Zoning Administrator, with the caveat that any subsequently issued permit includes the conditions the DRB enumerated therein. The August DRB Decision did not dispose of all matters before the municipality.[3] In fact it is unclear to this Court if the decision fully disposed of anything before the DRB. Instead, the August DRB Decision contemplated an additional level of decision making at the municipal level. Thus, the Court concludes that the August DRB Decision was not a final decision appealable to this Court.[4]

---

[3] What's more, the August DRB Decision does not contain any language as to the right to appeal its decision. See Applicants' Ex. 1; Municipal Decision 2, attached to Appellant's Notice of Appeal. Instead, on the cover page of the August Zoning Permit issued by the Administrative Officer, it states that the permit would take effect on September 2, 2023 "*Or if a notice of appeal is filed with the Development Review Board by such date, it shall not take effect until the DRB issues its final decision. ** And the time for filing an appeal to the Environmental Court must have passed." Id. at 1. It does not identify which appellate route would be relevant here. The Court will note, however, that the Town did proceed to accept and move forward with the DRB appeal.

[4] Applicants assert that this conclusion results in the impermissible extension of the appeal period. The Court disagrees. The Court's conclusion in this decision is limited to the unique facts presented in this appeal's procedural history and the Town's fragmented approach to this permit application. Further, to the extent that the Applicants assert that Mr. Rank's Statement of Questions challenges aspects of the August DRB Decision, as set forth above, those issues were not final in August and, thus, remain before the Court. We note that the Court has not been presented with any other motion to dismiss any individual Question in the Statement of Questions.

4

After August Zoning Permit was issued, interested persons appealed that permit to the DRB. The DRB held a hearing on that appeal. Meeting minutes note that Mr. Rank attended the hearing and submitted comments. To the extent that Applicants assert that Mr. Rank is not an interested party that may appeal the October DRB Decision, the Court disagrees.

For the above reasons, Applicants' motion to dismiss is **DENIED**.

## II.      Motion to Stay

Mr. Rank moves to stay the permit during the pendency of this appeal. An appeal from a decision issued by a municipal panel or officer, such as the DRB's denial of interested persons appeal of the August Zoning Permit, does not stay that decision or the underlying permit. See 10 V.S.A. § 8504(f); V.R.E.C.P. 5(e). This Court may still issue a discretionary stay at the request of a party or on its own motion "as necessary to preserve the rights of the parties." V.R.E.C.P. 5(e). A stay, however, is an "extraordinary remedy appropriate only when the movant's right to relief is clear." Howard Ctr. Renovation Permit, No. 12-1-13 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2013) (Walsh, J.). The appropriateness of a stay request depends on four factors, "(1) [the moving party's] likelihood of success on the merits; (2) irreparable harm to the moving party should the stay be denied; (3) substantial harm to other parties should the stay be granted; and (4) the best interests of the public." 110 E. Spring St. CU, No. 11-2-16 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Apr. 22, 2016) (Walsh, J.) (citing In re Tariff Filing of New England Tel. & Tel. Co., 145 Vt. 309, 311 (1984)). The moving party bears the burden of demonstrating that a stay is warranted under these relevant factors. See In re Search Warrants, 2011 VT 88, n. 2, 190 Vt. 572.

Mr. Rank has failed to meet his burden of demonstrating that a stay is warranted in this appeal. The motion does not address any of the relevant standards. Instead, it addresses alleged procedural deficiencies in the process before the Town, concerns about Applicants' application, and the Town's adoption of updated zoning bylaws. Thus, the Court will not grant the extraordinary remedy that is a stay of the underlying permit and the motion is **DENIED**.

### Conclusion

For the forgoing reasons, Applicants' motion to dismiss this appeal is **DENIED**. Mr. Rank's motion to stay is also **DENIED**.

The Court will set this matter for a status conference to discuss how this case will proceed.

Electronically signed January 23, 2024 in Montgomery, Vermont pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division