2011 VT 88

**In re SEARCH WARRANTS**

[27 A.3d 345]

No. 11-228

¶ 1. July 18, 2011. The State appeals a decision of the superior court's criminal division denying its motion to seal executed search warrants and accompanying documents associated with an investigation involving a missing couple. The criminal division denied the motion based on its conclusion that the State had failed to make the kind of particularized showing of harm required by our holding in *In re Sealed Documents*, 172 Vt. 152, 153, 772 A.2d 518, 521 (2001) (holding that public had presumptive right to search warrant documents "which may be overcome only through a specific showing of substantial harm to public or private interests"). The court also denied the State's motion for a stay of its order pending appeal, reiterating that the State had presented only generalized claims of harm that could be made in any investigation.

¶ 2. The standard for reviewing a request for a stay pending appeal is well-settled:

To prevail on a motion for stay, the moving party must demonstrate: (1) a strong likelihood of success on the merits; (2) irreparable injury if the stay is not granted; (3) the stay will not substantially harm other parties; and (4) the stay will serve the best interests of the public.

*Gilbert v. Gilbert,* 163 Vt. 549, 560, 664 A.2d 239, 245 (1995). Regarding the likelihood of the State prevailing on the merits of its challenge to the criminal division's refusal to seal the requested documents, we note that the instant matter involves circumstances not present in *In re Sealed Documents* that militate in favor of a more cautionary approach to releasing the search warrant documents. In *In re Sealed Documents,* the victims of the crime were deceased and the suspects in custody. Here, in contrast, the putative victims are missing and no suspects are in custody. Under these circumstances, both the State and the public have a heightened interest in not undermining the criminal investigation through the revelation of facts not generally known to the public. Although the public and the press generally have a presumptive right to court documents, that right may be trumped by the State's, as well as the public's, interest in preserving the investigation of a potentially serious crime, especially when the right to access does not serve as a check against an unjust conviction, excessive punishment, or the unwarranted taint of criminality.

¶ 3. Accompanying the motion to seal, the State submitted affidavits describing particular facts not known to the general public that were discovered during the search of the putative victims' home and property. The State alleged that the release of those facts to the public could undermine its criminal investigation, which is still in its early stages with the putative victims still missing and no suspects in custody. If we were to deny the State's request for a stay, it would effec-

tively preclude the State from appealing the criminal division's decision and potentially hamper its investigation. Under these circumstances, it is appropriate to stay the matter until the underlying legal issue is resolved. See *In re Sealed Documents*, 172 Vt. at 164-65, 772 A.2d at 528-29 ("In the event of an appeal from the court's decision, no access to the documents or sealed order and record shall be granted until the matter has been finally resolved."); cf. 1 V.S.A. § 317(c)(5) (making exempt from public inspection "records dealing with the detection and investigation of crime, including those maintained on any individual or complied in the course of a criminal or disciplinary investigation by any police or professional licensing agent").

¶ 4. The dissent notes that the State is seeking to seal all of the search warrant documents when it could have simply redacted any information that posed a threat to its investigation. As the dissent acknowledges, however, in its motion to seal the State offered the possibility of redacting certain information or documents, but the court nonetheless denied the motion outright without providing the State any opportunity to redact. That is the decision that has been appealed — the only question before us at this particular juncture is whether we should stay pending appeal the wholesale denial of the motion to seal.

*The criminal division's order denying the State's motion to seal the search warrant documents and pleadings is stayed, and public access to those documents — apart from the paragraphs quoted in Justice Dooley's dissent — is denied, pending this Court's resolution of the State's appeal of the order.*

¶ 5. **Dooley, J.**, dissenting. I would deny the stay in this case. In my opinion, the State has not demonstrated a strong likelihood of success on the merits, the most critical criterion for granting a stay in this Court. In reaching this conclusion, I am very aware that the stay decision effectively decides this case. Once we have full briefing and argument, and render a full decision on the merits of the public access question, it is very likely that the issue will be moot, and the press will have access to the documents it seeks to view because the case will have reached a point where the disappearance of the missing couple is explained. As examples of how long it takes to fully adjudicate such cases, we have under submission in this Court three significant public-access-to-records cases in which the request for the records occurred at least a year ago. One goes back to 2008. I doubt that this case will be resolved in any shorter period of time.

¶ 6. The heart of my disagreement lies in the showing that the State must make in order to seal a court record. Search warrant records are accessible after the warrant is served "unless sealed by order of the court." Vermont Rules for Public Access to Court Records 6(b)(15). A sealing order may be issued "only upon a finding of good cause specific to the case before the judge and exceptional circumstances." *Id.* 7(a). These requirements are consistent with those announced in *In re Sealed Documents*, 172 Vt. 152, 161-62, 772 A.2d 518, 527 (2001). This Court noted in that decision that the State had to demonstrate a compelling need for confidentiality specific to each record to be sealed. *Id.* at 163, 772 A.2d at 527. Further, the order can go no further than necessary to protect the interests involved, including a finding that redaction could not be employed. *Id.* at 162, 772 A.2d at 527.

¶ 7. The State's argument for sealing *all* search warrant material in this case is based on an affidavit from an officer in the Essex Police Department. While the affidavit is sealed, there are no grounds for keeping confidential the two critical paragraphs, and I quote them.

15. It is common practice in police investigation to keep details learned through investigation confidential, in order to be able to use those details to decipher credible tips and information from non-credible tips and information. If all of the above information were to be released to the public it would significantly hamper our ability to determine what information we receive is legitimate and relevant to our investigation, and what information is not.

16. Any potential suspect may be following this investigation in the media. The release of the above information would give any suspect access to most information and evidence the police possess. This would allow a suspect to easily avoid detection and/or respond to police questioning. It is also likely that any potential witness or false witness may be following media coverage of this investigation. Release of the above information could unduly influence the recollection of true witnesses, or allow any false witnesses to tailor information to fit with what is already known to the police.

It is fair to say that these circumstances are present in every major criminal investigation until the State has "solved" it and identified the perpetrator it will charge. That is exactly the point of the thorough trial court decision. There is very little special about the facts the State wants to withhold in this case, and the State wants to withhold some facts even if insignificant. There is no specific showing that disclosing the facts that are in the search warrant requests and affidavits will make it easy for suspects to evade detection.

¶ 8. To the extent there are many detailed facts in the search warrant applications and supporting affidavits, that circumstance is caused in part by the State's choice of what to include in those documents. Apparently, some of the details were simply copied from application to application even though they may not be necessary for the specific search warrant request in issue. Further, the State has acknowledged that it could redact information from the affidavit and warrant requests so as to disclose some information that would not threaten the investigation; it then says the information that would be disclosed is already public. This argument is inconsistent with the affidavit quoted above that says if "*all*" of the above information were to be released to the public," the harm to the investigation would occur. To the extent that this has become an all or nothing decision, the fault for that circumstance lies with the State.

¶ 9. If we want to broaden the exception for public access to search warrant materials to cover the period until the State charges a criminal defendant, we should do that by amendment to the rule. Reduced to its essence, the State's appeal requests that we accomplish the same result by reversing the trial court order granting access in this case based on general assertions that would apply in every case. I would hold that the State failed to establish the strong likelihood of success that is necessary for a stay, and therefore I dissent from the Court's decision to grant it.

¶ 10. I am authorized to state that Justice Johnson joins this dissent.