State of Vermont
Superior Court—Environmental Division

=====================================================================
## E N T R Y   R E G A R D I N G   M O T I O N
=====================================================================

**In re Sanfacon NOV**                                                **Docket No. 48-4-12 Vtec**
**(Appeal of DRB decision upholding a NOV)**

Title: Motion to Stay (Filing No. 1)

Filed: April 10, 2012

Filed By: Appellants John and Phyllis Sanfacon

Response filed on 4/27/12 by Interested Person William Pollock

Reply filed on 5/10/12 by Town of East Montpelier

___ Granted                      _X_ Denied                      ___ Other

On April 10, 2012, John and Phyllis Sanfacon (Appellants) appealed the Findings and Decision of the East Montpelier Development Review Board (the DRB) that upheld a Notice of Violation (the NOV) issued by the Town of East Montpelier's Zoning Administrator against Appellants for placing unpermitted structures on their 10.8 acre lot on Wheeler Road in the Town of East Montpelier and for maintaining an unpermitted junkyard.  On the same day, Appellants filed the pending motion for a stay of enforcement of the NOV.

While the Court does not currently have before it an enforcement action by the Town of East Montpelier (the Town) against Appellants, we understand Appellants' motion to request a stay of the NOV's requirements that 1) Appellants cease violating the Town's zoning ordinance by removing any unpermitted structures and debris, and 2) subject Appellants to the calculation of fines if they choose not to comply.  Both the Town and Interested Person William Pollock oppose the pending motion for stay.

Pursuant to Section 5(e) of the Vermont Rules of Environmental Court Proceedings, when a decision appealed from is not automatically stayed, this Court, on its own or upon the motion of a party, may issue a stay when it is "necessary to preserve the rights of the parties." V.R.E.C.P. 5(e); cf. V.R.C.P. 62(d)(2).  In determining whether the equities weigh in favor of issuing a stay, we consider: (1) whether the appealing party has a strong likelihood of success on the merits, (2) whether denying the stay will cause irreparable harm to the moving party, (3) whether the issuance of the stay will substantially harm other parties, and (4) whether the stay would serve the best interests of the public.  See In re Allen Road Land Co., Nos. 62-4-11 Vtec and 63-4-11 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. July 6, 2011) (Durkin, J.); In re Search Warrants, 2011 VT 88, ¶ 2 (mem.).

Turning to the first factor, Appellants argue that there is a strong likelihood that they will succeed on the merits because they can demonstrate that the Town was barred from issuing the NOV by the statute of limitations for the enforcement of zoning violations.  Essentially, Appellants argue that because their violation of the Town's zoning ordinance first occurred

over seventeen years ago, the fifteen-year statute of limitations for enforcing zoning violations prevents the Town from taking action.   Appellants characterize what the Town considers to be the unpermitted structures as fifteen box trailers on their property.   According to Appellants, they first placed a trailer on their property on Wheeler Road in 1988, when they began building their home, and then, from 1988 to 2003, placed additional trailers on their property. Appellants' indicate that, at that time, their property contained the subject lot plus additional acreage.   Appellants purport that in 2003 they subdivided their property, and, at some point after doing so, moved all of the trailers onto the subject parcel.

We are unconvinced that the history of the purported zoning violation as presented by Appellants demonstrates that they have a strong likelihood of succeeding in their appeal of the subject NOV.   Appellants are correct that the statute of limitations codified at 24 V.S.A. § 4454(a) limits enforcement actions for permit violations to fifteen years "from the date the alleged violation first occurred."[1]   Thus, the Town cannot bring an enforcement action against Appellants for violations occurring pre-1997.   If the NOV issued to Appellants references only violations occurring before 1997, the Court could, when it considers the merits of this appeal, conclude that the NOV should not have been issued.

Here, Appellants admit that they continued to place trailers on their property from 1988 to 2003.   Although Appellants would like us to characterize the addition of the trailers to their property as a single violation, beginning in 1988, of the Town's zoning ordinance, we find this characterization misleading.   Each individual trailer can be characterized as a discrete unpermitted structure, and Appellants have not provided information detailing the dates of the collection of what the NOV refers to as the debris on their property.   Consequently, we are unconvinced that there is a strong likelihood Appellants would succeed in proving that the statute of limitations for zoning violations prevents the Town from issuing the subject NOV.

When analyzing the second factor, whether the moving party will suffer irreparable injury if the stay is denied, we ask if the moving party has "made a case that such injuries are likely and if [the moving party] would have an adequate remedy at law, should the injuries they allege actually occur."   Allen Road Land Co., Nos. 62-4-11 Vtec and 63-4-11 Vtec, slip op. at 6.   Appellants argue that they will suffer an irreparable injury if a stay is not granted because they will "incur unrecoverable financial loss if they comply with the Town's order." (Appellants' Mot. for Stay of Enforcement 3, filed Apr. 10, 2012.)   According to Appellants, such loss would be unrecoverable because they would need to procure a new site for the trailers, transport them to the site, or sell the trailers and the materials contained therein.   Id.

Appellants refer only to financial losses.   Even if we were to assume that these losses are likely to occur, we cannot conclude that such losses are unrecoverable.   See, e.g., Allen Road Land Co., Nos. 62-4-11 Vtec and 63-4-11 Vtec, slip op. at 7 (indicating that inconvenience and difficulty in calculating a financial loss does not make such loss irreparable).   As such, we conclude that Appellants will not suffer an irreparable injury if their request for stay is denied.

---

[1] We note that Section 4454(a) includes an exception to the fifteen-year limitations period for failure to obtain a certificate of approval for "salvage yards," which are defined as "any place of outdoor storage or deposit for storing, keeping, processing, buying, or selling junk or as a scrap metal processing facility" and "any outdoor area used for operation of an automobile graveyard."   24 V.S.A. § 2241(7); see 24 V.S.A. §§ 2241–2283.   This may or may not be applicable to the activities at issue in the NOV.

The third factor we consider is whether granting the stay will substantially harm other parties, and the fourth factor is whether the stay will serve the best interests of the public. Appellants argue that granting the stay will not substantially harm other parties because it will merely allow for a maintenance of the status quo—that the "trailers have been at or near [the present] location since 1988 without causing imminent or significant harm." (Appellants' Mot. for Stay of Enforcement 4, filed Apr. 10, 2012.) Appellants also argue that granting the stay will serve the best interests of the public because the Town failed to take action against Appellants until now despite the trailers being present on their property since 1988.

William Pollock, an Interested Person in this appeal, responds that granting the stay will prolong the harm that Appellants' ongoing junkyard is causing to the neighbors' property values. He also asserts that the existence of the junkyard continues to hurt the character of the surrounding neighborhood and threatens the integrity of the Town's zoning ordinance.

Simply because Appellants' now-cited property use may have been ongoing for years does not mean it has not harmed, and does not continue to harm, the surrounding neighbors and neighborhood. Mr. Pollock's arguments address some of the harms that can result to a neighborhood from the continual existence of unpermitted structures and an unpermitted junkyard. We note that the DRB found Appellants' property use to be out of compliance with the Town's zoning ordinance. While we do not reach the merits of Appellants' appeal challenging that conclusion, Appellants have not put forward any information indicating how allowing the cited property use to continue would benefit the public. Thus, we conclude that granting the stay has the potential to create further harm to other parties and would not be in the public interest.

Taking into account the four factors discussed above, we find that the equities weigh against granting a stay. Accordingly, we **DENY** Appellants' motion for a stay of enforcement.

_____          _____June 29, 2012_____
           Thomas G. Walsh, Judge                                    Date
========================================================================
Date copies sent: _____                    Clerk's Initials _____
Copies sent to:

   Stephen L. Cusick, Attorney for Appellants John and Phyllis Sanfacon

   Interested Person William D. Pollock

   Bruce Bjornlund, Attorney for Town of East Montpelier