**State of Vermont**
**Superior Court—Environmental Division**

============================================================================

# ENTRY REGARDING MOTION

============================================================================

**Town of Fairfax vs. Leon Beliveau**                        **Docket No. 274-11-08 Vtec**
**(Municipal Enforcement)**

Title: Motion to Stay – Pending Appeal (Filing No. 29)

Filed: May 3, 2012

Filed By: Defendant Leon Beliveau

Response filed on 5/14/12 and 5/15/12 by Plaintiff Town of Fairfax

Reply filed on 5/25/12 Defendant Leon Beliveau

___ Granted                    _X_ Denied                    ___ Other

   This matter is an enforcement action brought by the Town of Fairfax (the Town) against Defendant Leon Beliveau (Defendant) for an alleged change of use of 1166 Main Street, Fairfax, Vermont from a single-family dwelling to a rooming and boarding house without first obtaining a zoning permit as required by the Town of Fairfax Zoning Bylaws (the Bylaws).   In a September 2, 2011 Decision, this Court concluded that Defendant was violating the Bylaws, and in a subsequent October 24, 2011 Injunctive Order, this Court required the following:

> Defendant Leon Beliveau shall immediately cease the use of the property at 1166 Main Street in the Town of Fairfax, Vermont, as a rooming and boarding house, as that term is defined in the Zoning Bylaws, and shall return the use of the property to that of a single-family dwelling, as that term is defined in the Zoning Bylaws, until or unless he obtains a zoning permit for the change of use from that of a single-family dwelling.

This injunction was incorporated and repeated in this Court's March 30, 2012 Decision and Judgment Order assigning penalties for Defendant's violation.   Remaining for resolution was a Motion for Contempt filed by the Town against Defendant for alleged non-compliance with the original injunctive order.

   Defendant appealed the Environmental Division's March 30, 2012 Decision and Judgment Order to the Vermont Supreme Court on April 13, 2012.   On May, 3, 2012, pursuant to V.R.C.P. 62(d)(1) and V.R.A.P. 8(a), Defendant filed a Motion to Stay Pending Appeal with the Environmental Division.   The Motion to Stay asks that the Environmental Division stay the injunctive relief pending the outcome of Defendant's appeal to the Supreme Court.   The motion also asks that the Town's Motion for Contempt be stayed.

At the request of the Environmental Division, the Supreme Court placed the appeal on waiting status and remanded jurisdiction to the Environmental Division for consideration of the Motion to Stay.

We understand Defendant's motion to request a stay of the monetary penalties and injunctive relief imposed by this Court's March 30, 2012 Decision and Judgment Order as well as to stay our consideration of the Motion for Contempt. The Town opposes the pending Motion for Stay. Both parties filed memoranda in support of their positions and the Court heard oral argument on July 18, 2012.

Pursuant to Section 5(e) of the Vermont Rules of Environmental Court Proceedings, when a decision appealed from is not automatically stayed, this Court, on its own or upon the motion of a party, may issue a stay when it is "necessary to preserve the rights of the parties." V.R.E.C.P. 5(e); cf. V.R.C.P. 62(d)(2). In determining whether the equities weigh in favor of issuing a stay, we consider: (1) whether the appealing party has a strong likelihood of success on the merits, (2) whether denying the stay will cause irreparable harm to the moving party, (3) whether the issuance of the stay will substantially harm other parties, and (4) whether the stay would serve the best interests of the public. See In re Allen Road Land Co., Nos. 62-4-11 Vtec and 63-4-11 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. July 6, 2011) (Durkin, J.); In re Search Warrants, 2011 VT 88, ¶ 2 (mem.).

Turning to the first factor, Defendant Beliveau argues that there is a strong likelihood that he will succeed on the merits of the Supreme Court appeal because he will be able to show either that his use of 1166 Main Street was not that of a rooming and boarding house or that the Bylaws are unconstitutionally vague in their regulation of rooming and boarding houses. Defendant's principal argument is that his rental arrangements with his tenants are "at will" rather than for a fixed period, thus removing them from the definition of rooming and boarding house. Rooming and boarding houses are defined within the Bylaws as "[a]n owner occupied residence where a person or persons, for a fixed period of time, are supplied with and charged for meals or sleeping accommodations or both." Bylaws, Appendix B (emphasis added). Defendant asserts that the type of tenancy he established is a pure question of law, and that the Vermont Supreme Court is likely to rule in his favor in interpreting the Bylaws.

We disagree. The question here involves a mix of facts and law, but turns principally on the facts. In its September 2, 2011 Decision, this Court concluded that the undisputed facts showed that Defendant made oral rental agreements with his tenants for fixed month-to-month terms. Defendant has not provided us with convincing evidence showing that our prior conclusion was erroneous.

Defendant's second argument is equally unlikely to succeed. Also within the September 2, 2011 Decision this Court concluded that the Bylaws were not unconstitutionally vague. Defendant has failed to provide the Court with any specific arguments addressing how the Bylaws are vague. Consequently, we are unconvinced that either of Defendant's legal theories demonstrate that he has a strong likelihood of succeeding in his appeal of the March 30, 2012 Order.

When analyzing the second factor, whether the moving party will suffer irreparable injury if the stay is denied, we ask if the moving party has "made a case that such injuries are

likely and if [the moving party] would have an adequate remedy at law, should the injuries they allege actually occur." Allen Road Land Co., Nos. 62-4-11 Vtec and 63-4-11 Vtec, slip op. at 6. Defendant argues that he is suffering, and will continue to suffer, an irreparable injury if a stay is not granted because he has had to cease using 1166 Main Street as his residence. We find this claim unsupportable because the injunctive relief requires 1166 Main Street to be returned to a single-family dwelling, thereby allowing Defendant to use 1166 Main Street as his residence.

Defendant also argues that compliance with the Court's March 30, 2012 Decision and Judgment Order would force him to ask his tenants to leave the property and, in doing so, would cause him to incur an unrecoverable financial loss. Again, we find this claim unsupportable. It is possible for Defendant to comply with the injunctive order and retain tenants—he can modify the use of the subject property so that it is that of a single-family dwelling. Further, while the question of whether Defendant could qualify for a permit to use the dwelling as a rooming and boarding house is not before the Court, Defendant has not convinced us that he would not be able to qualify should he apply. As such, we conclude that Defendant has not made a case that he has or will suffer an irreparable injury if his request for a stay is denied.

The third factor that we consider is whether granting the stay will substantially harm other parties. Defendant argues that because there is no public health hazard or risk involved with his use, granting a stay of the injunction will not harm others.

During the hearing on this motion, Charles (Skip) Taylor, the Town's Zoning Administrator, testified that he and the Town have concerns for the individuals renting rooms from Defendant as well as surrounding neighbors. These concerns relate to potential violations of 20 V.S.A. § 2729 (Fire Safety). Public buildings in Vermont, including rented residential units, must meet state fire and building safety codes. Id. The introduction to the Vermont Fire & Building Safety Code states that "this Code recognizes the need to protect the public when the use of a building changes putting more people at risk or introducing new hazards to a building." Mr. Taylor testified that due to Defendant's challenge of the Town's determination of a violation of the Bylaws, and due to the lack of an application filed with the Town for a change of use at the subject property, the Town is without authority to require an inspection to ensure that potential fire and building safety concerns are addressed. Mr. Taylor further testified that as part of the review and approval of an application for a zoning permit, site plan review, or conditional use review, it is typical for the Town to require compliance with state fire and building safety codes. Mr. Taylor testified that he is not aware of an inspection relating to state fire and building safety codes ever occurring at the property.

The injunctive order requires Defendant to either return 1166 Main Street to use as a single-family dwelling or obtain the necessary permits for a new use. The injunctive order would address the fire and building safety risks because it would either require changes in the way the building is used to achieve a single-family dwelling use or, as indicated by Mr. Taylor, require an inspection to ensure compliance with state fire and building codes, should a permit be sought by Defendant for a different use. Thus, granting a stay would have the effect of sanctioning the ongoing risk to the current renters and the surrounding neighbors relating to potential fire and building safety code violations, which could substantially harm others.

The fourth factor in considering a request for a stay is whether the stay will serve the best interests of the public. Defendant argues that granting the stay will not substantially harm the public's interests because it will merely maintain the status quo. Defendant also argues that granting the stay will serve the best interests of public, including the Town, by maximizing judicial economy, reducing the parties' expenditure due to litigation, and eliminating the need to alter tenant living arrangements. The Town responds that granting the stay threatens the integrity of the Bylaws.

In its September 2, 2011 Decision, this Court found Defendant's property use to be out of compliance with the Bylaws. The Vermont Planning and Development Act is intended to promote public health and safety. 24 V.S.A. § 4302. Allowing a violation of the Bylaws enacted pursuant to this Act to continue is not in the best interest of the public. We therefore conclude that granting the stay would not be in the public interest.

Taking into account the four factors discussed above, we find that the equities weigh against granting a stay. Accordingly, we **DENY** Defendant's Motion for Stay. The pending Motion for Contempt is addressed in a separate Entry Order also issued today.

_____          _____July 24, 2012_____
    Thomas G. Walsh, Judge                            Date
=====================================================================
Date copies sent: _____                Clerk's Initials _____
Copies sent to:
    John H. Klesch, Attorney for Town of Fairfax
    Peter J. McDougall and Robert S. DiPalma, Attorneys for Defendant Leon Beliveau