STATE OF VERMONT

| SUPERIOR COURT<br>Environmental Division Unit | ENVIRONMENTAL DIVISION<br>Docket No. 150-10-14 Vtec |
|---|---|
| Wagner & Guay Permit | DECISION ON MOTION |

In an October 1, 2015 merits decision, this Court approved an application from William and Barbara Wagner and Christopher Guay (Applicants) to construct a single-family home and detached garage (the Project) on merged lots 3 and 4 of a previously approved six-lot subdivision located on Dodge Terrace in the Town of Grand Isle, Vermont (the development). Mary Bourassa (Appellant) resides in a single-family home located on lot 2 of the development. On October 1, 2014, the Town of Grand Isle (Town) granted Applicants' zoning permit. On October 14, 2014, Appellant timely appealed the Town's decision to this Court. The Court held a two-day trial and conducted a site visit; all giving rise to our October 1, 2015 decision.

In the Court's 2015 decision, we concluded that the development complies with the Town's 1995 Plat Plan condition that the location of houses on lots 2 through 6 be within the tree line. We also ordered that within 30 days of our 2015 decision becoming final, Applicants shall file a final Mylar with the Town Planning Commission for the sole purpose of ensuring compliance with our 2015 decision. We also specifically noted that our 2015 decision does not address compliance with other potentially relevant town and state reviews, including, but not limited to, wetland and wastewater programs.

Appellant has appealed our 2015 decision to the Vermont Supreme Court and simultaneously filed a Motion to Stay asking that the Court prevent Applicants from proceeding with construction or tree-clearing pending resolution of the appeal.

Pursuant to Section 5(e) of the Vermont Rules of Environmental Court Proceedings, when a decision appealed from is not automatically stayed, this Court, on its own or upon the motion of a party, may issue a stay when it is "necessary to preserve the rights of the parties." V.R.E.C.P. 5(e); cf. V.R.C.P. 62(d)(2). In determining whether the equities weigh in favor of issuing a stay, we consider: (1) whether the appealing party has a strong likelihood of success on the merits, (2) whether denying the stay will cause irreparable harm to the moving party, (3) whether the issuance of the stay will substantially harm other parties, and (4) whether the stay

would serve the best interests of the public. See In re Allen Road Land Co., Nos. 62-4-11 Vtec and 63-4-11 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. July 6, 2011) (Durkin, J.); In re Search Warrants, 2011 VT 88, ¶ 2, 190 Vt. 572. We note that "[a]s with an injunction, we view a stay as an extraordinary remedy appropriate only when the movant's right to relief is clear." In re Howard Center Renovation Permit, No. 12-1-13 Vtec, 2013 WL 4404974 (Vt. Super. Ct. April 12, 2013).

Turning to the first factor, Appellant argues that there is a strong likelihood that she will succeed on the merits because she can demonstrate that the 1995 Plat Plan and the scalloped tree line depicted on the 1995 Plat Plan are largely irrelevant. The thrust of Appellant's support for this conclusion is that the Court should have accepted her testimony over other witnesses' testimony and evidence as a whole. We are unconvinced that the evidence considered by the Court, as presented by the parties, demonstrates that Appellant has a strong likelihood of succeeding in her appeal.

When analyzing the second factor, whether the moving party will suffer irreparable injury if the stay is denied, we ask if the moving party has "made a case that such injuries are likely and if [the moving party] would have an adequate remedy at law, should the injuries they allege actually occur." Allen Road Land Co., Nos. 62-4-11 Vtec and 63-4-11 Vtec, slip op. at 6. Appellant argues that she will suffer an irreparable injury if a stay is not granted because trees may be cut if construction pursuant to the zoning permit moves forward. While it is true that tree cutting can qualify as irreparable injury, this conclusion depends on the facts of each individual case. In the matter before the Court, there is no prohibition on tree cutting with or without a stay. Rather, the issues before the Court specifically relate to locating new houses. Appellant has no ownership interest in the two lots or the trees at issue in this matter. Furthermore, neither the Town's approvals nor this Court's 2015 decision speaks to a prohibition against the cutting of trees. As such, we conclude that Appellant will not suffer an irreparable injury if her request for a stay is denied.

The third factor we consider is whether granting the stay will substantially harm other parties, and the fourth factor is whether the stay will serve the best interests of the public. Appellant argues that granting the stay will not substantially harm Applicants because delay will not result in major additional costs or substantial harm. Evidence at trial showed that Appellant opposed a similar development proposal in 2005. Ultimately, that proposal was terminated, in

part due to Appellant's opposition. Applicants offer that granting a stay will prolong the delay and harm which they have experienced for many years.

Appellant also argues that granting the stay will serve the best interests of the public because enforcing subdivision regulations and conditions within subdivision permits serves the public interest. Although this matter was a de novo appeal and we are not bound nor do we defer to proceedings below, we do note that the Town's Zoning Administrator, the Town's DRB, and this Court each concluded that the development complies with the Town's regulations and prior conditions of approval. Thus, we conclude that granting the stay has the potential to create further harm to other parties and would not be in the public interest.

Taking into account the four factors discussed above, we find that the equities weigh against granting a stay. Accordingly, we **DENY** Appellant's motion for a stay.

Electronically signed on November 06, 2015 at 03:07 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division