# STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 105-8-17 Vtec
Docket No. 72-6-17 Vtec

623 Roosevelt Highway Act 250
623 Roosevelt Highway Conditional Use Permit

## ENTRY REGARDING MOTION

Title:          Motion to Enjoin Appellees from Construction (Motion 5)

Filer:          C-12 WTH, LLC and Sofaria, LLC

Attorney:       Harry C. Parker

Filed Date:     January 30, 2018

Response in Opposition filed on 02/02/2018 by Attorney Toni Clithero for Interested Person Agency of Transportation

**The motion is DENIED.**

The present appeal is of an Act 250 permit issued to the Agency of Transportation ("VTrans") by the District 4 Environmental Commission.  This action has been coordinated with an appeal of a conditional use permit issued to VTrans by the Town of Colchester Development Review Board ("DRB") regarding the same proposed development, docketed as 72-6-17 Vtec. Both permits have been appealed by C-12 WTH, LLC and Sofaria, LLC (hereinafter "Appellants").

The matter currently pending before the Court is Appellants' motion to stay the permits and enjoin VTrans from continuing construction on the subject property during the pendency of this action.[1]  The Court held an in-person, on the record hearing on the motions on February 5, 2018, at the Costello Courthouse in Burlington, Vermont.  At this hearing, the Court orally denied the Appellants' motion for contempt and sanctions.

Act 250 permits and decisions issued by the appropriate municipal panel – such as the DRB, in this case – are not automatically stayed on appeal.  10 V.S.A. § 8504(f); V.R.E.C.P. 5(e).  A party may move to have this Court stay the authority granted by a permit, however.  Id.

A stay is considered an "extraordinary remedy appropriate only when the movant's right to relief is clear."  Howard Ctr. Renovation Permit, No. 12-1-13 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2013) (Walsh, J.).  This Court considers four factors when determining whether a motion to stay a permit should be granted: "(1) [the moving party's] likelihood of success on the merits; (2) irreparable harm to the moving party should the stay be denied; (3) substantial harm to other parties should the stay be granted; and (4) the best interests of the public."  110 East Spring St. CU, No. 11-2-16 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Apr. 22, 2016) (Walsh,

---

[1] Appellants' motion cites V.R.C.P. 65 as grounds for the injunction.  However, based on the Appellants' motion and representations at a February 5, 2018, hearing, the Court interprets this as a motion for a stay pursuant to 10 V.S.A. § 8504(f) and V.R.E.C.P. 5(e).

While the motion to stay was filed only in the Act 250 matter, at the February 5, 2018 hearing Appellants asked the Court to consider a stay of the DRB conditional use permit as well.

J.) (citing In re Tariff Filing of New England Tel. & Tel. Co., 145 Vt. 309, 311 (1984)).  The moving party bears the burden of demonstrating a stay is warranted under these factors.  See In re Search Warrants, 2011 VT 88, ¶ 2 (mem.).

In the pending motion, Appellants have failed to establish a need for a stay.  The allegations set forth are largely unrelated to the pending motion to stay and instead focus on the parties' failed settlement negotiations and potential notice deficiencies in a permit not before this Court.  They fail to address three of the factors that would justify a stay: their likelihood of success on the merits in this appeal, that a stay will not substantially harm other parties, or that a stay is in the best interest of the public.

With respect to irreparable harm, Appellants have baldly asserted the construction has caused such harm.  Appellants allege that VTrans has cut trees at the subject property and has scaled a rock cut.  Appellants have not, however, alleged facts regarding how these activities are irreparable.

Harm is "irreparable" if it would impair the Court's ability to effectively grant a remedy. 11A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2948.1.  This Court has the authority to order remediation of a site or impose penalties if a project is constructed without permit approval.  See In re Mahar CU Appeal, No. 13-9-15 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Dec. 2, 2016) (Durkin, J.) (citations omitted), rev'd on other grounds 2018 VT 20; In re Moore 3 Lot Subdivision, No. 123-9-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Jul. 28, 2014) (Walsh, J.).  Appellants have not shown how the construction impacts are irreparable considering these remedies.  Therefore, the Court concludes Appellants have not sufficiently alleged irreparable harm.

Because the Appellants have failed to demonstrate the need for a stay, we **DENY** Appellants' motion to stay the Act 250 permit and conditional use permit.  The Court notes, however, that VTrans bears the risk of moving forward with construction while an appeal of the underlying permit is pending.  If the Appellants are successful in their appeal, this Court has the power to order VTrans to remediate the site.

**So Ordered.**

Electronically signed on February 27, 2018 at Burlington, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:
Harry C. Parker (ERN 7334), Attorney for Appellants C-12 WTH, LLC and Sofaria, LLC
Toni Clithero (ERN 4050), Attorney for the Vermont Agency of Transportation
Peter J. Gill (ERN 4158), Attorney for the Vermont Natural Resources Board
Melanie Kehne (ERN 2561), Co-counsel for State parties