VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org



Docket No. 23-ENV-00104

| Beam Lot Line Adjustment |
| --- |

## ENTRY ORDER

Title:          Motion to Stay (Motion: 1)

Filer:          Samuel H. Angell, Esq.

Filed Date:     September 22, 2023

Applicants' Response to Motion to Stay, filed on September 28, 2023, by Attorney Lawrence G.
    Slason.

Appellants' Supplement to Motion to Stay, filed on September 28, 2023, by Attorney Samuel H.
    Angell.

Appellants' Reply to Applicants' Response to Motion to Stay, filed on October 2, 2023, by
    Attorney Samuel H. Angell.

**The motion is DENIED**.

This is an appeal by Russel Hodkins, David Judd, and Chris Potter (Appellants) of a Lot Line Adjustment approved by the Town of Westminster (Town) Zoning Administrator for a lot line adjustment of properties owned by Norman and Elaine Beam and Buck Adams (together, Applicants) in Westminster, Vermont identified on Applicants' Exhibit A (the Properties). Appellants appealed the approval to the Town Development Review Board, which denied the appeal and upheld the approval.  Appellants subsequently appealed that decision to this Court. Presently before the Court is Appellants' motion to stay site work and logging operations on the Properties pursuant to V.R.E.C.P. 5(e).

An appeal from a decision issued by a municipal panel, such as the DRB's instant permit approval, does not automatically stay that decision.  See 10 V.S.A. § 8504(f); V.R.E.C.P. 5(e).  While the Court may still issue a discretionary stay at the request of a party or on its own motion as "necessary to preserve the rights of the parties," V.R.E.C.P. 5(e), we consider such stays to be an

"extraordinary remedy appropriate only when the movant's right to relief is clear." Howard Center Renovation Permit, No. 12-1-13 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2013) (Walsh, J.). The appropriateness of a stay request depends on four factors, "(1) [the moving party's] likelihood of success on the merits; (2) irreparable harm to the moving party should the stay be denied; (3) substantial harm to other parties should the stay be granted; and (4) the best interests of the public." 110 East Spring St. CU, No. 11-2-16 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Apr. 22, 2016) (Walsh, J.) (citing In re Tariff Filing of New England Tel. and Tel. Co., 145 Vt. 309, 311 (1984)). The moving party bears the burden of demonstrating that a stay is warranted under these factors. See In re Search Warrants, 2011 VT 88, ¶ 2 (mem.).

Appellants seek this Court to order Applicants, specifically Applicant Adams, to cease site work and logging operations on the Properties. Appellants fail to demonstrate how this Court can stay logging operations in the context of this lot line adjustment appeal or how staying the permit as authorized by V.R.E.C.P. 5(e) would have the effect of ceasing the operations. Appellants admit that timber harvesting is not subject to regulation under the Town Zoning Bylaws. See Appellant Reply to Response, at 3. In so admitting, they direct the Court to a series of rules and regulations they assert Applicants are not in compliance with. Appellants have presented no persuasive argument as to how this Court can apply these state rules and regulations to stay the logging operations in the scope of this lot line adjustment appeal.

Further, Appellants have failed to demonstrate compliance with any of the factors to stay the lot line adjustment generally. Appellants did not address these factors at all in their motion and, instead, hastily attempt to cure this deficiency in the response to Applicant's opposition to their motion. In so doing, Appellants have failed to meet their burden of demonstrating that the stay is warranted in under the relevant factors including whether they are likely to be successful on the merits. The motion to stay is **DENIED**.

Electronically signed this 10th day of October 2023 pursuant to V.R.E.F. 9(D)

Thomas G. Walsh, Judge
Vermont Superior Court, Environmental Division