Filed 09/02/25

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05402
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-3700

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY,<br>    Plaintiff<br><br>    v.<br><br>THE MEDIA FACTORY F/K/A VERMONT COMMUNITY ACCESS MEDIA, INC.; BILL SIMMON; CIARA KILBURN, BRONA KILBURN,<br>    Defendants | DECISION ON MOTION |

## RULING ON PLAINTIFF'S MOTION FOR FINAL AND SEPARATE JUDGMENT PURSUANT TO V.R.C.P. 54(b) AND TO STAY REMAINING LITIGATION PENDING APPEAL

This insurance dispute stems from an underlying lawsuit – Ciara Kilburn, et al. v. Bill Simmon, et al., 20-CV-461 – where a jury returned a plaintiffs' verdict in February 2024 against Defendant The Media Factory f/k/a Vermont Community Access Media, Inc. ("VCAM") and one of its employees. The Vermont Supreme Court recently affirmed that verdict in *Kilburn v. Simmon*, 2025 VT 32. In the present insurance case, this Court denied Plaintiff Hanover Insurance Company's cross-motion for summary judgment and granted VCAM's cross-motion in part. *See* Decision on Cross-Mots. for Summ. J. (May 14, 2025) (Hoar, J.). Pursuant to Rule 54(b) of the Vermont Rules of Civil Procedure, Hanover now seeks a final judgment on the declaratory judgment/coverage claims that were decided in the May 14 decision so that it can immediately appeal that decision. It also seeks to stay the remaining claims (VCAM's counterclaims for breach of contract, bad faith, negligence, and violation of the Consumer Protection Act) pending its proposed appeal. For the following reasons, the motion is DENIED.

"The basic purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." Wright & Miller, 10 *Fed. Prac. & Proc. Civ.* § 2654 (4th ed.). The rule thus "attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." *Id*. There are three prerequisites to directing an entry of partial final judgment under Rule 54(b): "(1) there must be multiple parties or multiple claims for relief, (2) at least one claim or the rights and liabilities of at least one party must be finally decided, and (3) the court must find that there is no just cause for delaying the appeal." *Kelly v. Lord*, 173 Vt. 21, 31, 783 A.2d 974, 982 (2001) (citing 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & Proc.* § 2656, at 48-60 (3d ed.1998)). There is no dispute here that this case involves multiple

parties and claims, and that at least one claim has been "finally decided." The core dispute now is whether the court can find that there is no just cause for delaying the appeal, a matter in which the trial court has discretion. Wright & Miller, 10 *Fed. Prac. & Proc. Civ.* § 2659 (4th ed.).

"Because of the strong federal policy against piecemeal review several courts have stated that the district court should make the express determination only in the infrequent case in which a failure to do so might have a harsh effect." Wright & Miller, 10 *Fed. Prac. & Proc. Civ.* § 2659 (4th ed.) (footnotes omitted).[1] This determination involves "weighing the overall policy against piecemeal appeals against whatever exigencies the case at hand may present. . . . It follows that 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel." *Id.* (quotation omitted). Thus, "some showing must be made by the party desiring an immediate appeal in order to overcome the normal rule that no appeal be heard until the entire case has been completed." *Id.*

Hanover asserts that there is no just reason to delay entry of final judgment on the coverage issue because that claim is legally distinct from the remaining counterclaims, and because an immediate appeal is "likely to promote judicial efficiency." Hanover's Mot. at 7. It contends that a reversal by the Supreme Court on the coverage issue "may limit the scope of damages or eliminate the foundation for the bad faith claim." *Id.* Hanover also claims to "face significant hardship" from a continued delay in that the "unresolved status of the coverage issue materially impairs the plaintiff's ability to make critical decisions regarding the remaining claims." *Id.*

VCAM agrees that there is no just reason to delay the entry of partial summary judgment and joins Hanover's request. VCAM's concern is that Hanover will not pay more $1 million of the $3.5 million total verdict against VCAM until the coverage issue is resolved. That currently leaves VCAM exposed to a $2.5 million unsatisfied judgment that is apparently accruing interest $300,000 per year or $822 per day. From VCAM's perspective, the sooner the coverage decision can be affirmed, the sooner Hanover will have to pay another $1 million, thus reducing the amount of interest accrual. The Kilburns, however, oppose the request to enter partial final judgment. They note that an appellate decision on the coverage issue could be moot if VCAM prevails on its bad faith claim, and that an immediate appeal would waste time, expense, and judicial resources.

"No precise test exists for determining whether there is a just reason to delay the entry of judgment that can be satisfactorily or easily applied in every case." Wright & Miller, 10 *Fed. Prac. & Proc. Civ.* § 2659 (4th ed.). "Given the wide range of discretion conferred on the trial judge in deciding whether there is no just reason for delay, the [trial] court should feel free to consider any factor that seems relevant to a particular action, keeping in mind the policies the rule attempts to promote." *Id.* (footnote omitted). Courts have considered numerous factors, including "the relationship between the adjudicated and the unadjudicated claims," "the possibility that the need for review might be mooted by future developments in the [trial] court,"

---

[1] Vermont Civil Rule 54 is "substantially similar to Federal Rule 54." Reporter's Notes, V.R.C.P. 54. Accordingly, federal cases and related authorities construing the federal rule are instructive.

the "possible impact of an immediate appeal on the remaining trial proceedings," and various other "practical effects of allowing an immediate appeal." *Id.* (citing cases).

In exercising its discretion, the Court declines to find that there is no just cause to delay an immediate appeal of the coverage issue here. Importantly, as the Court noted in the summary judgment decision, a finding that Hanover acted in bad faith might "expose it to liability for the full amount of the verdict against VCAM, regardless of limits." Dec. on Cross-Mots. for Summ. J. at 3 n.4. Thus, as the Kilburns observe, "an appellate decision on the coverage issue will be meaningless if VCAM prevails on its bad faith claim." Kilburns' Opp'n at 6. That would result in the needless expenditure of judicial resources, as well as the parties' time and expense. Judicial economy would be better served by first resolving the remaining counterclaims, and then allowing review of all issues in the case in one appeal. The Supreme Court may then decide to resolve the case by addressing only one of the issues raised.

Beyond a mere cursory assertion, Hanover makes no effort to explain how the coverage issue "may directly impact, narrow, or even resolve the remaining claims" or how a reversal by the Supreme Court on the coverage issue might "eliminate the foundation for the bad faith claim." Hanover's Mot. at 7. Nor does it explain what it means by "significant hardship" other than a vague reference to a "material[] impair[ment]" of its "ability to make critical decisions regarding the remaining claims." *Id.* Hanover has failed to make "some showing . . . to overcome the normal rule that no appeal be heard until the entire case has been completed." Wright & Miller, 10 *Fed. Prac. & Proc. Civ.* § 2659.

The Court acknowledges VCAM's concern about interest accrual on the outstanding judgment, but that does not demonstrate the need for a partial final judgment under Rule 54(b) and an immediate appeal. Indeed, some minimization of the interest accrual is not wholly beyond VCAM's and Hanover's control. Further, the accrual of interest here does not outweigh the general policy against piecemeal litigation and the risk of wasted judicial resources from two separate appeals, particularly in light of the possibility of the bad faith claim mooting the coverage limits dispute.

Because the Court denies the request for a partial final judgment under Rule 54(b), there is no basis for a stay. But the Court would deny the request for a stay in any event. The standard is well-settled:

> To prevail on a motion for stay, the moving party must demonstrate: (1) a strong likelihood of success on the merits; (2) irreparable injury if the stay is not granted; (3) the stay will not substantially harm other parties; and (4) the stay will serve the best interests of the public.

*In re Search Warrants*, 2011 VT 88, ¶ 2, 190 Vt. 572 (quotation omitted); *see also Gilbert v. Gilbert*, 163 Vt. 549, 560, 664 A.2d 239, 245 (1995). Hanover makes little effort to engage with this standard. Instead, Hanover vaguely references the concept of judicial economy and the "risk of inconsistent outcomes or prejudice." But it does not appear that the result of a potential appeal of the insurance coverage issue would affect VCAM's counterclaims. Even if the

3

Supreme Court reversed this court's coverage decision and held that there was only one "occurrence," litigation of the counterclaims could nevertheless result in liability for Hanover in excess of the policy limits.

Order

Accordingly, for the foregoing reasons, Plaintiff's motion for a partial final judgment under 54(b) and for a stay (Mot. # 8) is DENIED.

Electronically signed on September 2, 2025 at 12:02 PM pursuant to V.R.E.F. 9(d).

Megan J. Shafritz
Superior Court Judge